## NYE v. CHASE.

### Tender.    Parol Testimony to Vary Written Evidence.

Defendant, by his attorney, tendered plaintiff, in writing, a certain sum " as the sum due" him, and pleaded the tender.   The sum was not accepted, and on trial, after the testimony was closed but before argument, the plea was withdrawn.   Held, that said writing did not conclusively settle whether defendant intended thereby to concede that he was owing plaintiff something on the demand in suit, but that that question was to be determined in view of the writing and circumstances attending its execution and use.

ASSUMPSIT, appealed from the judgment of a justice of the peace.   Plea, the general issue, with notice of special matter and

tender, and trial by jury at the June Term, 1877, Caledonia County, Ross, J., presiding, and verdict for the plaintiff.

It appeared that on October 16, 1876, after the commencement of this suit, and before the trial before the justice, the counsel for the defendant made a tender in writing to the counsel for the plaintiff, which was as follows : " I tender you $20 as the sum due H. L. Nye from Dudley Chase." The counsel for the plaintiff replied as follows : " I don't accept the above, but will accept of said sum on H. L. Nye's account against said Chase."

The defendant was allowed to testify that the tender was not designed as a tender, but as an offer to buy his peace. The plaintiff objected, but did not except, to the admission of that testimony.

The plaintiff claimed that the tender was an acknowledgment of an unsettled account, and that the defendant was estopped to give evidence that the account had been settled ; that as the tender was in writing, parol evidence could not be admitted to contradict or vary it ; and that since the language of the tender was unambiguous, it was for the court to say what the paper meant, and that it should not be submitted to the jury.

After the testimony was all in, but before argument, the defendant sought to withdraw his plea of tender ; to which the plaintiff objected ; but it was allowed by the court.

The plaintiff asked the court to charge that as the tender was in writing, the defendant was bound by the admission there made. But the court charged as follows :

The defendant claims in his testimony that he offered the money to by his peace. The defendant always has a right to do that, and it is not to be taken against him. That, by the defendant's testimony, was all this was done for, and that is what his counsel claims. On the part of the plaintiff, it is said that it was not done for that, but was an acknowledgment of indebtedness. You will have that paper before you, and can see what its language is. It tenders him twenty dollars as what is due. If it was an acknowledgment of so much due any way, intelligently made, then it is an admission, and to be read as such. But defendant's counsel worded it in that way by mistake, as is said, not apprehending fully about it, though he was agent of the defendant in doing it. You are to say from the whole testimony what its character really was. Was it an offer of so much that he acknowledged to be due upon the

contract, or was it simply an attempt to buy his peace? If it was an offer of so much, it tends to show that the claim was not settled, and that the defendant was indebted, and it is for you to say whether it has been settled. It is incumbent on the defendant to show that his act in making this offer was what he claims it to have been—a mere attempt to avoid litigation in the matter. From the whole case you will determine how this is. Perhaps the better way for you to take this up is, to consider whether the defendant has made out the settlement; and if you find he has, you need not go into the matter, for that would be the end of the case in his favor. But if he has not, then, as he admits using the house at a certain rental, you will say how much is due upon that. The money seems to have been offered for what *was due.* That would imply that if the plaintiff were to take it, he should take it for what *was due ;* and if the plaintiff did take it for what was due, it would act as a satisfaction of the whole claim. A person offering money has the right to attach such condition as he has a mind to, and the person taking it cannot vary it. We hold that this cannot be valid as a tender with that condition, because if the plaintiff took it he must take it for what was due. You have a right to consider this as bearing upon whether this is an admission of a settlement or an offer to buy peace. If a man says, " I will pay you so much to end this matter, but I will not pay you so much and let it go on open account, for I don't admit that I owe you anything," it is no tender.

To the refusal to charge as requested, and to the charge as far as it failed to comply with the request, plaintiff excepted.

*A. J. Willard,* for the plaintiff.

This instrument is unambiguous and must stand as it is written, and it must have a reasonable construction. It will not bear the construction claimed by the defendant. Chit. Cont. 141 ; *Bradley* v. *Bentley,* 8 Vt. 243 ; *Bradley* v. *Henderson,* 5 Vt. 153 ; *Hakes* v. *Hotchkiss,* 23 Vt. 231 ; *Vt. Central Railroad Co.* v. *Hill's Est.* 23 Vt. 681.

The court should have interpreted the paper, and not have given it to the jury. *Wason* v. *Rowe,* 16 Vt. 525; *Eaton* v. *Smith,* 20 Pick. 150 ; 1 Greenl. Ev. s. 277.

The writing was an acknowledgment of indebtedness. Chit. Cont. 802 ; 2 Greenl. Ev. s. 600 ; 3 Steph. N. P. 2608–10 ; 3 Bl. Com. 303 ; 2 Parsons Cont. 638 ; *Draper* v. *Pierce,* 29 Vt. 250 ; *Woodward* v. *Cutler,* 33 Vt. 49 ; *Jones* v. *Hoar,* 5 Pick. 285 ; *Huntington* v. *Bank,* 6 Pick. 340.

*Elisha May*, for the defendant.

The offer of $20 was not a legal tender. It was proper for the court to submit the question of what was due to the jury. *Andrews* v. *Moretown*, 45 Vt. 1 ; *Winn* v. *Chamberlain*, 32 Vt. 318 ; 1 Greenl. Ev. ss. 206, 288 ; *King* v. *Woodbridge*, 34 Vt. 565 ; *Noyes* v. *Canfield*, 27 Vt. 79 ; *Groot* v. *Story*, 44 Vt. 200 ; *Barnard* v. *Henry*, 25 Vt. 289. The writing was not a contract. 1 Greenl. Ev. s. 275, *et seq.*

The testimony of the defendant as to the purpose in making the offer of $20 was proper in connection with his claim that he owed the plaintiff nothing. But if it was not proper the plaintiff cannot now complain. It went into the case without exception. *Wakefield* v. *Merrick's Estate*, 38 Vt. 82.

It was not error to permit the defendant to withdraw his offer to pay $20. It was a matter of discretion, and exception will not lie. *Mosseaux* v. *Brigham*, 19 Vt. 457 ; *Banfill* v. *Estate of Banfill*, 27 Vt. 557 ; *Leet* v. *Shedd*, 42 Vt 277 ; *Stiles* v. *Windsor*, 45 Vt. 520.

The opinion of the court was delivered by

BARRETT, J. A tender upon a claim in controversy and likely to be or in fact the subject of litigation, is a proffer of the sum tendered in satisfaction of the claim made, without regard to the legality and unforceableness of the claim by a suit. It is made to preclude litigation, or to cast the burden of it on the claimant in case he sees fit to pursue it for more than the sum tendered. If accepted, the party accepting may lawfully hold it whether the claim on which it is made is lawful and valid or not. If after it is made he goes for more, his whole claim is open to contest, the same as if the tender had not been made ; and unless he shows a right to recover more, the judgment is against him. If he refuses to accept the tender, and it is withdrawn, the matter stands the same as if it had not been made, and no right to a judgment is made or helped by the fact of the tender having been made. The plaintiff must prove his case in every respect, the same as if the tender had not been made.

It is claimed in this case that the form in which the tender was

offered is evidence that something was due the plaintiff, and that, it being in writing, parol evidence was not admissible to show in what view and to what intent the tender was made.  We under- stand the common doctrine and rules as to parol evidence not be- ing admissible to vary or contradict a written contract.  But we have not understood such doctrine and rules to be operative as to all things put into writing.  Whether the defendant meant to con- cede by that writing of his attorney that he was owing some- thing to the plaintiff on the claim in question, was not conclusively settled by that paper.  The question was to be determined in view of the paper in connection with the circumstances attending its being made and used.  We think the matter was properly treated by the court.

Judgment affirmed.